IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KATHLYN M. CAPOZZI,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:04-CR-542 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

On December 6, 2004, Defendant was charged with one count of possession with intent to distribute five grams or more of actual methamphetamine, in violation of 21 U.S.C. §

---

[1]Docket No. 51.

1

841(a)(1).[2] Defendant was charged under a Superseding Information and filed a waiver of indictment on the same day.[3] Defendant pleaded guilty to count one of the Superseding Information. Defendant was sentenced on May 3, 2005, to a period of 60 months in the custody of the Bureau of Prisons, to be followed by a 48-month term of supervised release. Defendant now moves to terminate that supervision. The government has indicated that it does not object to the Motion.

In her Motion, Defendant states that she has maintained continuous employment and has fully complied with the Court's express terms of supervision, including abstaining from drug use, fully obeying the law, and diligently complying with the requirements of the Probation Department. To date, Defendant has completed over 36 months of her term of supervised release. Defendant also indicates that during her supervision she has furthered her education and career possibilities by taking classes at Cameo Beauty College and obtaining a valid diploma in Permanent Cosmetics. Defendant was also recently married to a non-felon. Defendant and her husband now own two licensed and operational businesses. Defendant also professes to be active in the community and her church. Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of her supervised release.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the

---

[2] Docket No. 29.

[3] Docket No. 28.

entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 51) is GRANTED. It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

DATED   December 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge